# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

VS.                                                   **CASE NO. 6:16-cr-261-JA-EJK**

                                                        **CASE NO. 6:17-CR-118-JA-DCI**

**RICHARD BELL**

## ORDER

Defendant's Motion for Compassionate Release (Doc. 141 in 6:16-cr-261; Doc. 26 in 6:17-cr-118) is before the Court for consideration.[1] To prevail on this motion, Defendant must satisfy two requirements: (1) he must exhaust his administrative remedies and (2) show there are extraordinary and compelling reasons warranting a reduction. If the Court finds that Defendant satisfies these requirements, it may reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) (18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13), and specifically finding that Defendant is not a danger to the safety of any other person or the community (U.S.S.G. § 1B1.13(2)). Because Defendant failed to exhaust his administrative remedies, and he fails to show any

---

[1] The Government opposes Defendant's motion. (Doc. 146 in 6:16-cr-261; Doc. 31 in 6:17-cr-118).

extraordinary and compelling reason under 28 U.S.C. § 3582(c)(1)(A)(i), his motion is due to be denied.

In case no. 6:16-cr-261, Defendant pled guilty to Conspiracy to Distribute and Possess with Intent to Distribute 50 Kilograms or More of Marijuana in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846 (Count One) and Carrying a Firearm During and in Relation to a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Three). (Doc. 92). On September 15, 2017, the Court sentenced Defendant to 60 months incarceration as to Count One to run concurrently with the sentence imposed in case no. 6:17-cr-118, and to 60 months as to Count Three to run consecutively to Count One and the term of incarceration imposed in case no. 6:17-cr-188. (Docs. 123, 124). In case no. 6:17-cr-118, Defendant entered a guilty plea to Possession with Intent to Distribute 500 grams or more of Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count One). (Doc. 2). On September 15, 2017, the Court sentenced Defendant to 60 months incarceration to run consecutively to the 60 months imposed in case no. 6:16-cr-261. (Docs. 21, 22). Defendant's criminal history score at the time of sentencing was four with a criminal history category of III. The Court imposed terms of supervised release in both cases: 3 years for Count One and 5 years for Count Three in case no. 6:16-cr-261, to run concurrently with 5 years of supervised release in case no. 6:17-cr-188. Defendant is 29 years old with a

projected release date of September 25, 2025. (Doc. 146 at 2, case no. 6:16-cr-261).

## I. LEGAL FRAMEWORK FOR REDUCTION IN SENTENCE

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Congress granted the courts limited authority to modify a sentence in 18 U.S.C. § 3582(c):

> **(c) Modification of an imposed term of imprisonment.--**The court may not modify a term of imprisonment once it has been imposed except that--
> **(1)** in any case--
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> **(i)** extraordinary and compelling reasons warrant such a reduction; or
> **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Because Defendant is under 70 years old, he must show extraordinary and compelling reasons to qualify for modification of his sentence under § 3582(c).

Factors constituting extraordinary and compelling reasons are outlined in U.S.S.G. § 1B1.13, the policy statement underlying 18 U.S.C. § 3582. These reasons include Defendant's: (A) medical conditions, (B) age, if over 65 years, and (C) family circumstances.[2]

Extraordinary medical conditions include (i) any terminal illness, and (ii) any "serious physical or medical condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A). Terminal illness "means a disease or condition with an end-of-life trajectory." 18 U.S.C. § 3582(d)(1). BOP Program Statement 5050.50, at 3(a) provides that consideration for a reduction in sentence can be given to an inmate who has been diagnosed with a terminal, incurable disease and whose life expectancy is eighteen months or less. Consideration is also given if an inmate is "completely disabled, meaning the

---

[2] Family circumstance is either (i) the death or incapacitation of the caregiver of the defendant's minor child or minor children or (ii) the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner. U.S.S.G. 1B1.13, Application Note 1(C).

4

inmate cannot carry on any self-care and is totally confined to a bed or chair" or "capable of only limited self-care and is confined to a bed or chair more than 50% of waking hours." *Id.* at 3(b).

But even when an extraordinary and compelling reason exists, a district court should only reduce a term of imprisonment if it determines that the defendant is not a danger to the public and the 18 U.S.C. § 3553(a) factors weigh in favor of release. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13.

## II. DISCUSSION

### A. EXHAUSTION OF ADMINSTRATIVE REMEDIES

The first question is whether Defendant exhausted his administrative remedies because the failure to do so is fatal to his request. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)("Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance."). Although Defendant asserts he exhausted his administrative remedies, the Court disagrees.

Defendant contends he submitted an "Inmate Request to Staff" on March 5, 2022, and never received a response. (Doc. 141). Defendant does not provide a copy of the request he made. The Government, however, provides the BOP's Administrative Remedies Log as it pertains to Defendant (Doc. 146-2) and it does not show a request for compassionate release from Defendant on March 5,

5

2022 or at any time. The BOP procedures for administrative remedies are governed by administrative regulations which are legislative. *Nigro v. Sullivan*, 40 F.3d 990, 996 (9th Cir. 1994). "Such 'legislative regulations must be accorded their plain meaning where the language selected by the drafters is clear and unequivocal.'" *Id.* (quoting *Idaho First Nat'l Bank v. C.I.R*, 997 F.2d 1285, 1289 (9th Cir. 1993)). Here, 28 C.F.R. § 542.18 is clear: "a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received." There is no request for compassionate release logged in to the administrative remedies log pertaining to Defendant. (Doc. 146-2). 18 U.S.C. § 3582(c)(1)(A) is also clear: this Court can only act on a motion from Defendant when his request to the warden has lapsed after 30 days or Defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on his behalf. Here, other than Defendant's bald assertion that he submitted a request, there is no evidence supporting that assertion and no indication it was submitted to the warden as required. Thus, there has been no lapse and no exhaustion on appeal.

Accordingly, Defendant's motion for compassionate release is denied for Defendant's failure to exhaust his administrative remedies.

### B. DEFENDANT FAILS TO PRESENT ANY EXTRAORDINARY AND COMPELLING REASONS

Had he properly exhausted his administrative remedies, Defendant would not be entitled to release. Defendant bears the burden of establishing that release is warranted. *United States v. Heromin*, 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019); *cf. United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013). Defendant asserts his "colonoscopy infection,"[3] the risk of getting Covid-19, his mother's health, his family's need for him, length of his sentence, and reduction in sentences due to the First Step Act, are extraordinary and compelling circumstances warranting compassionate release. (Doc. 141). These asserted reasons do not describe conditions that qualify as extraordinary and compelling circumstances.

Defendant is not over the age of 65 and he does not present a family circumstance that is extraordinary and compelling as set forth in U.S.S.G. § 1B1.13.[4] Thus, the only consideration for this Court is does Defendant present an extraordinary and compelling medical condition warranting compassionate release?

Defendant asserts he "has been diagnosed with a severe colonoscopy infection" (Doc. 141 at 3), and a "medical illness due to his colonoscopy." (Doc.

---

[3] At the time of Defendant's motion, he had not yet had a colonoscopy.

[4] Nor is relief available under Note1(D) of U.S.S.G. § 1B1.13 which allows for other extraordinary and compelling reasons as determined by the Director of the Bureau of Prisons. District courts cannot determine "other reasons." *United States v. Bryant*, 996 F.3d 1243, 1248, 1263 (11th Cir.), *cert. denied*, 142 S.Ct. 583 (2021).

141 at 23). The Court is unsure what this means as a colonoscopy is a procedure, not a medical diagnosis, and he has yet to have a colonoscopy. He has experienced bleeding from the rectal area. (Doc. 146 at 6). He claims this underlying medical condition proves he is more vulnerable to contracting the Covid-19 virus. (*Id.*).

The Government provides recent medical records of Defendant. (Doc. 146-3). These records show Defendant has complained of blood in his urine and stool. (Doc. 146-3 at 2, 6, 19, 23). They also show a colonoscopy is pending as of May 19, 2022. (*Id.* at 2). On April 16, 2022, a consult with gastroenterology was scheduled for May 20, 2022. (*Id.* at 10). One medical note states "likely hemorrhoids" (*Id.* at 99). A gastrointestinal consultation on March 9, 2022, stated "differential diagnoses include hemorrhoids, proctitis, colonic polyp. Recommendations are to schedule for diagnostic colonoscopy and possible band ligation of hemorrhoids." (*Id.* at 93). Tests of Defendant's urine collected on February 3, 2022, and again on May 17, 2022, showed no presence of occult blood. (*Id.* at 78, 81). Without more, there is no indication of a terminal illness or a condition which prevents self-care. Nor does Defendant allege he is terminally ill or that he cannot take care of himself.

It is unclear if Defendant has been vaccinated against the Covid-19 virus. He alternatively states he "is not among the fully vaccinated inmates at FCI Butner" and then that he "has not been given the booster vaccination." (Doc.

141 at 5). The medical records indicate he has refused the Covid-19 vaccine. (Doc. 146-3 at 69, 105). The records also indicate Defendant has tested negative for Covid-19. (*Id.* at 29, 31, 43, 52, 68, 87). The Covid-19 pandemic, in any event, does not fall into any of the extraordinary and compelling categories. The categories are as to serious medical conditions afflicting an individual inmate, not generalized threats to the entire population. "The mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *Raia*, 954 F.3d at 597; *see also United States v. Gileno*, 448 F. Supp. 3d 183, 188 (D. Conn. 2020) (denying compassionate release because BOP's proposed plan adequately addresses the COVID-19 pandemic); *United States v. Korn*, No. 15-CR-81S, 11-CR-384S, 2020 WL 1808213, at *6 (W.D.N.Y. Apr. 9, 2020) ("in this Court's view, the mere *possibility* of contracting a communicable disease such as COVID-19, without any showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary or compelling reason for a sentence reduction under the statutory scheme."); *United States v. Smith*, 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *6 (M.D. Fla. May 15, 2020) ("general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13.").

Finally, "neither the 1B1.13 commentary nor BOP Program Statement

9

5050.50 identify post-sentencing developments in case law as an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Saldana*, 807 F. App'x 816, 820 (10th Cir. 2020). *See also, United States v. Neubert*, No. 1:07-cr-00166-SEB-KPF, 2020 WL 1285624, at *3 (S.D. Ind. March 17, 2020)("the disparity between [defendant's] actual sentence and the one he would receive if he committed his crimes today is not an 'extraordinary and compelling circumstance.'").

Courts are prohibited from granting compassionate release unless "such a reduction is consistent with applicable policy statements issued by" the Commission. 18 U.S.C. § 3582(c)(1)(A). *See Dillon v. United States*, 560 U.S. 817, 821 (2010) (a "reduction must be consistent with applicable policy statements issued by the Sentencing Commission"); *United States v. Colon*, 707 F.3d 1255, 1259-60 (11th Cir. 2013) (3582(c)(2) requires courts to follow policy statements of the Sentencing Commission); *United States v. Nasirun*, No. 8:99-CR-367-T-27TBM, 2020 WL 686030, at *2 (M.D. Fla. Feb. 11, 2020)("any reduction must be consistent with the policy statements of the Sentencing Commission"); *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir.), *cert. denied*, 142 S.Ct. 583 (2021) ("district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13.").

Defendant fails to carry his burden of showing extraordinary and compelling circumstances to warrant compassionate release.

### C. THE 18 U.S.C. § 3553(a) FACTORS WEIGH AGAINST GRANTING DEFENDANT RELIEF

If Defendant had exhausted his administrative remedies and presented extraordinary and compelling reasons—which he did not—the Court could grant a sentence reduction after considering the 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A). In an abundance of caution, the Court has carefully considered the 3553(a) factors and finds that they do not militate in favor of Defendant's request for relief.

### III. CONCLUSION

Defendant's Motion for Compassionate Release (Doc. 141 in 6:16-cr-261; Doc. 26 in 6:17-cr-118) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on July 29, 2022.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
United States Probation
Richard Bell

11